FILED
SUPERIOR COURT
OF GUAM

2024 JUL 15 PM 3: 38

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **MATTHEW D.L. SINOBEN,** | **Domestic Case No. DM0441-12** |
| Plaintiff, | |
| vs. | **DECISION AND ORDER RE PLAINTIFF'S MOTION TO MODIFY CUSTODY** |
| **BONITA C. FLOWERS,** | |
| Defendant. | |

This matter came before the Honorable Dana A. Gutierrez on December 7, 2023 upon a Motion to Modify Custody ("Motion"), filed by Plaintiff Matthew D.L. Sinoben ("Plaintiff"). Present at the hearing was Plaintiff with counsel Attorney Catherine Bejerana Camacho. Defendant Bonita C. Flowers ("Defendant") neither appeared at the Motion hearing nor filed a response to Plaintiff's Motion. Upon review of the filings in this matter and applicable Guam law, the Court hereby **GRANTS** Plaintiff's Motion and **AWARDS** Plaintiff sole physical and legal custody of minor child, D.X.F. (DOB 10/14/2007) ("Minor").

### BACKGROUND

This matter first came before the Honorable Michael J. Bordallo upon a Complaint for Child Custody and Support, filed on June 22, 2012, seeking custody over the Minor. On October 1, 2012, Judge Bordallo issued an Order After Hearing granting Plaintiff and Defendant *pendente lite* joint legal and physical custody, in which the Minor would alternate residing with each party on a weekly basis. Judge Bordallo also issued an Order for Custody Study.

On December 11, 2012, a Custody Study was filed. On December 17, 2012, the Court held a Status hearing, in which Judge Bordallo stated that, in accordance with the recommendations

given in the Custody Study, the parties would continue to share joint legal and physical custody of the Minor on a week-on week-off basis unless a party filed an objection. Min. Entry, 9:36 AM (Dec. 17, 2012). Neither party filed an objection.

On February 8, 2017, Plaintiff filed an *Ex Parte* Motion for Order to Show Cause, alleging that Defendant failed to comply with Judge Bordallo's October 1, 2012 Order After Hearing because she relocated to Las Vegas with the Minor without Plaintiff's knowledge or consent. On April 4, 2017, the Court held an Order to Show Cause hearing, which Defendant did not attend despite being served with notice of the hearing. *See* Affidavit of Service (April 3, 2017).

On April 10, 2017, Judge Bordallo issued an Order After Hearing Re: Contempt ("April 10, 2017 Order After Hearing"), stating that Plaintiff was awarded temporary physical custody of the Minor, that Defendant must return the minor to Guam immediately, and that the parties are enjoined and restrained from removing the Minor from Guam.

This matter was reassigned to this Court on January 5, 2021.[1] On July 10, 2023, Attorney Camacho entered her appearance in this matter on behalf of Plaintiff.

On July 19, 2023,[2] Plaintiff filed his Motion and his Affidavit in Support of Motion to

---

[1] On July 12, 2021, the Court issued a Notice of Prospective Dismissal because there had been no action taken in this matter since 2017. More than a year later, on October 20, 2022, the Court issued an Order of Dismissal for failure to prosecute. On December 18, 2023, the Court issued an Order holding Plaintiff's Motion in abeyance and allowing Plaintiff thirty days to take action with regard to the dismissal or the matter would remain dismissed. On January 17, 2024, Plaintiff filed his Motion to Set Aside Order of Dismissal. The Court granted Plaintiff's Motion to Set Aside Order of Dismissal orally on April 16, 2024, and then memorialized that decision in its Order After Hearing Granting Plaintiff's Motion to Set Aside Order For Dismissal, issued on April 30, 2024. The Court took the instant Motion to Modify Custody under advisement at the April 16, 2024 hearing.

[2] Plaintiff first filed a Motion to Modify Custody on July 10, 2023. On July 13, 2023, the Court ordered Plaintiff to resubmit a CVR 7.1 Form 1 in compliance with the Local Rules of the Superior Court of Guam and the Guam Rules of Civil Procedure. *See* CVR 7.1 Form 4 (July 13, 2023). On July 19, 2023, Plaintiff filed his CVR 7.1 Form 1 and his Motion to Modify Custody, which is identical to the Motion to Modify Custody that he filed on July 10, 2023.

Modify Custody ("Plaintiff's Affidavit"). On August 11, 2023, Attorney Camacho filed a Declaration of Counsel stating that Defendant was personally served with the Motion to Modify Custody and accompanying documents on July 24, 2023 in Washington state, and attaching an Affidavit of Service in support. Attorney Camacho filed another Declaration of Counsel on November 11, 2023, stating that Defendant was personally served with the Notice of the December 7, 2023 Motion hearing, and attaching an Affidavit of Service in support. Despite being served with the Motion and the Notice of Motion hearing, Defendant did not file an opposition to the Motion or appear at the Motion hearing.

## DISCUSSION

In his Motion, Plaintiff argues that "it is in the best interest of [the Minor] if Plaintiff . . . will have Sole and Exclusive Legal and Physical Custody over the [M]inor . . ." Motion at 3.

Legal and physical custody are distinct concepts. *Howerton v. Howerton,* 2004 Guam 8 ¶ 11. Legal custody means the authority and responsibility for making major decisions regarding a child, including "long range decisions involving education, religious training, discipline, medical care, and other matters of major significance concerning the child's life and welfare." *Id.* at ¶¶ 12-13 (quoting *Taylor v. Taylor,* 306 Md. 290, 508 A.2d 964, 967 (Md.App.1986)). By contrast, physical custody "means the right and obligation to provide a home for the child and to make the day-to-day decisions required during the time the child is actually with the parent having such custody." *Id.* at ¶ 13 (quoting *Taylor,* 508 A.2d at 967).

"The primary consideration when determining custody is the best interests of the child." *Palomo v. Bustamante,* 2019 Guam 5 ¶ 31 (citing *Lanser v. Lanser,* 2003 Guam 14 ¶¶ 15, 18); *see also* 19 GCA § 8404 (stating "[c]ustody should be awarded to either parent according to the best interest of the child"). "[U]nder Guam law there is a preference for both joint legal and joint

3

physical custody arrangements. The preference for either type of joint custody, however, 'is always secondary to the best interests of the child.'" *Palomo*, 2019 Guam 5 ¶ 31 (quoting *Howerton*, 2004 Guam 8 ¶ 14); *see also Flores v. Cruz*, 1998 Guam 30 ¶ 12. "Generally, agreement and cooperation between the parties are the foundations upon which any joint custody arrangement rests." *Flores*, 1998 Guam 30 ¶ 20.

In addition to the preference for joint custody, 19 GCA § 8404(a)(8) creates a preference for children to spend equal time with both parents. The Supreme Court of Guam has cited to factors to consider when deviating from equal time, including:

> (1) the age, habits, mental and emotional make-up of the child and those parties competing for custody; (2) the education and experience of those seeking to raise the child; (3) their character and propensities as evidenced by their past conduct; (4) the financial and physical circumstances available in the home of each party seeking custody and the special requirements of the child; (5) the availability and extent of third-party support; (6) the associations and influences to which the child is most likely to be exposed in the alternatives afforded, both positive and negative; (7) and where is the greater likelihood of an environment for the child of love, warmth, stability, support, consistency, care and concern, and physical and spiritual nurture.

*Howerton*, 2004 Guam 8 ¶ 25 (quoting *Bah v. Bah*, 668 S.W.2d 663, 666 (Tenn. Ct. App. 1984)).

"Any custody award shall be subject to modification or change whenever the best interests of the child require or justify such modification or change . . ." 19 GCA § 8404(a)(6). "[T]o justify ordering a change in custody there must generally be a persuasive showing of changed circumstances affecting the child." *Lanser*, 2003 Guam 14 ¶ 9 n.2.

1.    **The Court Shall Modify Custody Because Circumstances Have Changed**

At the December 17, 2012 hearing, when Judge Bordallo awarded the parties joint legal and physical custody, the parties both lived in Guam. Then, on April 10, 2017, after the Minor had been removed from Guam and was living off-island with the Defendant, Judge Bordallo ordered

that the Minor be returned to Guam and that Plaintiff have temporary physical custody.[3]

Plaintiff states that "[s]ince April 2017, Defendant has not seen the [Minor] because Defendant resides outside of the jurisdiction of Guam." Plaintiff's Affidavit at 2. Further, Plaintiff alleges that from "2018 to 2023,[4] Defendant had very minimal communication with [the Minor]." *Id.*

Therefore, circumstances have drastically changed from when the joint custody arrangement was ordered on December 17, 2012 and from when Judge Bordallo ordered that Plaintiff have temporary physical custody of the Minor on April 10, 2017. Defendant no longer lives in Guam and the Minor has been residing with Plaintiff in Guam for over six years with minimal contact with Defendant. Thus, the Court finds that there is justification to modify custody.

## 2.    It Is in the Minor's Best Interest That Plaintiff Be Awarded Sole Physical and Legal Custody

In addition to Plaintiff's general assertions that Minor and Defendant have had minimal contact in the past six years, Plaintiff specifies the Minor's attempts to contact Defendant. Plaintiff states that Defendant changed her contact number in December 2020; the Minor attempted to contact Defendant twenty-four times in 2021 but received no response; and the Minor spoke to Defendant three times in 2022. Plaintiff's Affidavit at 2. Plaintiff further states that from 2018 until 2023, Defendant was not present for any special events and has not attempted to visit. *Id.*

Plaintiff also alleges that he has been financially responsible for the Minor for the past six

---

[3] Judge Bordallo did not address any modification to the legal custody of the Minor.

[4] As stated *supra*, Plaintiff filed his Affidavit on July 19, 2023. The Court has not received any information to indicate that after 2023, Defendant has become more present in the Minor's life.

years.[5] Plaintiff argues, "I have had no assistance with school necessities (uniforms and school supplies), medical insurance/bills, and personal needs (clothing and food)." *Id.* Plaintiff also raises that he is moving to modify custody, in part, to maintain and provide Minor with medical and dental insurance and to carry Minor as a dependent on Plaintiff's tax return until Minor can no longer be considered a dependent. Motion at 3.

Moreover, Defendant has not indicated to the Court that she is willing or able to care for the Minor at this time. Defendant was served with Plaintiff's Motion and the Notice of Motion Hearing yet did not file an opposition or any other filing and did not appear at the hearing.

Because Plaintiff has cared for the Minor, financially and otherwise, almost entirely without Defendant for the past six years, and hearing no argument from Defendant that she is able to care for the Minor, the Court finds that Plaintiff can provide the greater likelihood of an environment of stability, support, consistency, care, and concern for the Minor.

Further, as stated, joint custody arrangements require cooperation from both parties. *Flores*, 1998 Guam 30 ¶ 20. In this matter, it is not clear that the parties are able to cooperate. First, Plaintiff claimed that Defendant removed the Minor from Guam without Plaintiff's consent in 2017, violating Judge Bordallo's order. *Ex parte* Motion for Order to Show Cause (Feb. 28, 2017). Second, Plaintiff stated that he spoke to Defendant prior to filing his Motion, but that Defendant was not willing to work with Plaintiff to reach an agreement. Min. Entry, 10: 49 AM (Dec. 7, 2023).

Thus, despite the preference in the law for joint custody arrangements, it is in the best interest of the Minor that the Plaintiff be awarded sole physical and legal custody.

---

[5] At the Motion hearing, Plaintiff informed the Court that he is not seeking child support from Defendant.

### 3. It Is in the Minor's Best Interest to Be Able to Travel Off-Island

The current temporary custody arrangement states that "the parties are enjoined and restrained from removing the minor child, [D.X.F.], from the Territory of Guam." April 10, 2017 Order After Hearing at 2. Plaintiff argues that he is also moving the Court for physical and legal custody, in part, so that he may travel outside of Guam with the Minor and be able to apply for and renew the Minor's passport without Defendant's consent. Motion at 3. Plaintiff specifies that he seeks "to allow the [Minor] to travel outside of Guam as he contemplates college outside of Guam." Motion to Set Aside Order of Dismissal at 5 (Jan. 17, 2024).

The Court finds that it is in the Minor's best interest to be able to travel outside of Guam as the Minor may benefit from traveling off-island for numerous reasons, including educational opportunities and medical care.

Because Plaintiff is awarded sole physical and legal custody of the Minor, Plaintiff may apply for the Minor's passport without Defendant's consent and Plaintiff may travel with the Minor outside of Guam without the permission of the Defendant.

### 4. Defendant Shall Have Reasonable Contact and Visitation

Plaintiff stated that the Minor maintains inconsistent contact with Defendant, and that Plaintiff has never attempted to stifle that contact. Min. Entry, 10:50 AM (Dec. 7, 2023). Plaintiff asserted that, because the Minor is sixteen years old, the Minor manages his own contact with Defendant. *Id.*

Because the Minor maintains contact with Defendant and hearing no objection from Plaintiff to the Minor continuing to remain in contact with Defendant on his own, the Court finds it is in the Minor's best interest that Defendant shall have reasonable contact and visitation with the Minor. However, Defendant shall not remove the Minor from Guam without Plaintiff's consent, and Defendant shall not make any significant decisions regarding the Minor without

7

Plaintiff's consent, including, but not limited to, decisions regarding the Minor's education, religious training, discipline, and medical care.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1.      Plaintiff is awarded sole physical and legal custody of the Minor, D.X.F. (DOB 10/14/2007), and may make decisions regarding the Minor without Defendant's consent, including, but not limited to, decisions regarding the Minor's education, religious training, discipline, medical care, and other matters of major significance concerning the Minor's life and welfare.

2.      Defendant shall be afforded reasonable contact and visitation with the Minor during reasonable hours and for reasonable periods of time.

3.      Plaintiff may apply for the Minor's passport without Defendant's consent or countersignature.

4.      Plaintiff may travel outside of Guam with the Minor without Defendant's consent.

5.      Defendant shall not travel outside of Guam, or otherwise, with the Minor without Plaintiff's consent.

6.      The parties shall work together to promote the Minor's best interest and happiness.

SO ORDERED: _____**JUL 1 5 2024**_____.

HONORABLE DANA A. GUTIERREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MA**
I acknowledge that an electr
copy of the original was e-mailed
PJLC, BLC, PLC,
CLC, JLC, GLC,
Date: 7|15|24 Time: 4p
TLC, PLC, PLC
Deputy Clerk, Superior Court of Gu

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
PJACLTL, JARB,
JVPP, JMTC
Date: 7|15|24 Time: 4pm
Deputy Clerk, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
JEMI, JDAG,
JAET, J.Camaho JMCD
Date: 7|15|24 Time: 4pm
Deputy Clerk, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
MJBCS, MJJRQ,
RefLLT, AHOKBAIRJ
Date: 7|15|24 Time: 4pm
Deputy Clerk, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
Andrew Quenga
S. Hinkle ComplaW, GLL
Date: 7|15|24 Time: 4pm
Deputy Clerk, Superior Court of Guam